ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 27, 2012

Mr. John P. Maline, Executive Director
Executive Council of Physical Therapy
   and Occupational Therapy Examiners
333 Guadalupe, Suite 2-510
Austin, Texas 78701-3942

Opinion No. GA-0914

Re: Whether the Board of Physical Therapy Examiners may provide the social security numbers of its licensees to a nonprofit organization composed of physical therapy licensing authorities in the United States (RQ-0996-GA)

Dear Mr. Maline:

You ask whether the Board of Physical Therapy Examiners (the "Board") may provide its licensees' social security numbers to the Federation of State Boards of Physical Therapy (the "FSBPT").[1] Alternatively, you ask whether the Board may provide the FSBPT with the last four digits of licensees' social security numbers. Request Letter at 1, 7. You state that the FSBPT is a nonprofit organization of physical therapy licensing authorities in the United States, which maintains a national database of disciplinary action and licensure information. *Id.* at 1. As a private, nonprofit organization, FSBPT is not a governmental agency. You further inform us that the FSBPT maintains a national examination program for physical therapists and assistants. *Id.* at 2. According to your letter, the FSBPT requires applicants who wish to take the exam to provide a social security number. *Id.* You also state that licensing authorities in multiple jurisdictions provide the FSBPT information about disciplinary action taken against licensed therapists. *Id.* at 1. You explain that the Board currently provides the FSBPT with information about physical therapists licensed in Texas, but the Board does not currently share licensees' social security numbers with the FSBPT. *Id.* You assert that providing social security numbers to the FSBPT would facilitate the exchange of licensees' disciplinary information and also advance the joint efforts of the FSBPT and its members to detect cheating on the physical therapists licensing examination. *Id.* at 1–2.

An administrative agency such as the Board has only powers expressly conferred by the Legislature, along with implied powers that are reasonably necessary to carry out its express functions and duties. *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 316 (Tex.

---

[1]*See* Letter from John P. Maline, Executive Director, Executive Council of Physical Therapy and Occupational Therapy Examiners, to Honorable Greg Abbott, Attorney General of Texas at 1 (Sept. 20, 2011), https://www.oag.state .tx.us/opin/index_rq.shtml ("Request Letter").

2001). The Board's statutory purpose is to "regulate the practice of physical therapy in this state to safeguard the public health and welfare." Tex. Occ. Code Ann. § 453.052 (West 2004). The Board is responsible for issuing the license that authorizes a licensee to practice physical therapy or practice as a physical therapist assistant in Texas. *Id.* §§ 453.201(a), .202(a), .208. The Board also investigates complaints about license holders and administers chapter 453's disciplinary provisions. *Id.* §§ 453.107–.108, .351–.452. No provision in chapter 453, however, authorizes the Board to disclose its licensees' social security numbers.

However, the Occupations Code does specifically address applicants' and license holders' social security numbers—and the Code deems them confidential as a matter of law:

> The social security number of an applicant for or holder of a license, certificate of registration, or other legal authorization issued by a licensing agency to practice in a specific occupation or profession that is provided to the licensing agency is confidential and not subject to disclosure under Chapter 552, Government Code.

Tex. Occ. Code Ann. § 59.001 (West Supp. 2011). Under the Public Information Act (the "PIA"), an officer or employee of a governmental body such as the Board is prohibited from distributing confidential information. Tex. Gov't Code Ann. § 552.352(a) (West 2004). Thus, section 59.001 of the Occupations Code prohibits the Board from disclosing its licensees' social security numbers.

You suggest that sharing social security numbers with the FSBPT would not constitute a disclosure to the public because of the FSBPT's role and purpose as an organization of physical therapist licensing authorities. Further, you cite to the FSBPT's privacy policy and suggest that the organization would maintain social security numbers' confidentiality. Request Letter at 5. This office has recognized that a transfer of information within a governmental body or between governmental agencies may not constitute a public disclosure under the PIA. *See* Tex. Att'y Gen. ORD-667 (2000) at 3–4 (concerning intergovernmental transfers between governmental bodies); Tex. Att'y Gen. ORD-666 (2000) at 4 (concluding that a municipality's disclosure of certain information to citizen advisory board, when the advisory board was appointed by the municipality and acted essentially as municipal employees performing a municipally-delegated function, was an intragovernmental transfer and not a release to the public). However, the FSBPT is not a governmental agency. Instead, it is a private, nonprofit organization. As a result, providing applicants' and licensees' social security numbers to the FSBPT would constitute an impermissible disclosure.

You also note that the Texas Board of Nursing is authorized to disclose personally identifiable information, including a social security number, to the National Council of State Boards of Nursing. Request Letter at 2; *see also* Tex. Occ. Code Ann. §§ 304.001(a) (West 2004), 304.008 (West Supp. 2011). You assert that the Board's relationship with the FSBPT is analogous, in that both national organizations provide services that assist a state agency to administer licensing duties. Request Letter at 2. The express grant of authority to the Board of Nursing illustrates, however, that

the Legislature recognizes that it must expressly authorize a licensing agency to share personal information about license holders with a national organization. The fact that the Legislature has expressly provided one licensing agency with authority to provide social security numbers to a national organization, but has not done so with respect to the Board, suggests that the Board does not possess authority to disclose social security numbers to the FSBPT. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). Although you have extensively detailed why you believe such authority would be beneficial to the Board's regulation of the practice of physical therapy, administrative convenience does not allow an agency to exercise a power that directly contradicts a statute. *Pub. Util. Comm'n of Tex.*, 53 S.W.3d at 316. Consequently, we conclude that the Board is not authorized to disclose social security numbers of license holders or applicants to the FSBPT.

You ask alternatively whether the Board may provide the last four digits of a license holder's or applicant's social security number to the FSBPT. Request Letter at 1, 7. Section 59.001 of the Occupations Code makes the social security number of a license holder or an applicant confidential and not subject to disclosure. TEX. OCC. CODE ANN. § 59.001 (West Supp. 2011). The Code does not carve out an exception for a portion of a social security number. It would rewrite the statute to construe it as allowing disclosure of part of the social security number. *See Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) ("A court may not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned in the statute."). We conclude that the Board is not authorized to disclose the last four digits of a license holder's or applicant's social security number to the FSBPT.

## S U M M A R Y

The Board of Physical Therapy Examiners is not authorized to provide the social security number or a partial social security number of one of its license holders or applicants to a nonprofit organization composed of physical therapy licensing authorities in the United States.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee